IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOMBARDIER CAPITAL, INC.**                                                                 **PLAINTIFF**

**VERSUS**                                                                    **CIVIL ACTION NO. 1:04cv884-RHW**

**ROYER HOMES OF MISSISSIPPI, INC.,**
**LARRYE JOE WHITE and**
**PATRICIA B. WHITE**                                                                              **DEFENDANTS**

### MEMORANDUM OPINION
### AND ORDER GRANTING SUMMARY JUDGMENT
### ON DEFENDANTS' COUNTERCLAIM

This case is before the Court on [37] motion for summary judgment filed by Bombardier Capital, Inc., Plaintiff/Counter Defendant (Bombardier), on the counterclaim filed by Defendants/Counter Plaintiffs (collectively Royer). The motion was filed February 28, 2006. Royer has filed no response. The Court having carefully reviewed the matter finds the motion well-taken.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arose out of long-standing financial dealings between Bombardier Capital, Inc. (Bombardier), Royer Homes of Mississippi, Inc. (Royer) and Larrye and Patricia White. Bombardier provided inventory floor plan financing for Royer's mobile home sales business. Larrye White and his wife Patricia, the respective president and secretary/treasurer of Royer, issued personal guaranties unconditionally guaranteeing Royer's payment and performance of its obligations to Bombardier under the loan documents by which financing was provided. Royer began defaulting on its obligations in the spring of 2004, which led to Bombardier's cutting off Royer's credit line, and ultimately commencing this lawsuit in December 2004.

1

Royer answered, denying any liability to Bombardier, and asserting via counterclaim that (1) Bombardier "tortiously interfered with [Royer's] business relationships with third parties, including, but not limited to, manufacturers, retail customers and others by falsely or in bad faith asserting breaches of the loan documents and personal guarantees, failing to permit timely cure of any alleged breaches, failure to properly credit [Royer] with funds paid to [Bombardier], and falsely and in bad faith accelerating the debts owed under the loan documents;" (2) that Bombardier "breached and is in default of its obligations under the loan documents and as a result has caused [Royer] to lose sales and lose other business opportunities;" and (3) that Bombardier committed the tort of outrage by its "wrongfully [causing] to be issued a Replevin, which was executed on [Royer] on the Christmas holiday and caused federal marshals to surround and impound [Royer's] personal premises and cause ... severe embarrassment, humiliation and shame...."[1]

Following a bench trial on Bombardier's complaint March 16-17, 2005 and concluding March 22, 2005, the Court held the loan documents and guaranties valid and enforceable, and found Royer had defaulted on its obligations thereunder which justified Bombardier's accelerating the account and having the replevin issued. The Court allowed Royer 30 days within which to redeem the collateral, failing which Bombardier would be entitled immediate possession of the collateral, and to a judgment for the accelerated indebtedness. On August 10, 2005, the Court certified the judgment entered in favor of Bombardier pursuant to Rule 54(b), Fed. R. Civ. P. Royer did not redeem the collateral, nor did it appeal the judgment.

---

[1] The gist of this claim is that Bombardier knew Patricia White's mother was critically ill and dying when it demanded payment under the contractual arrangement between Bombardier and Royer. During her testimony at the March 2005 trial, Mrs. White repeatedly and emotionally spoke of her mother's illness and death.

DISCUSSION

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added).  If a plaintiff lacks evidence sufficient to create a genuine issue of fact in support of a necessary element of his claim, then summary judgment is appropriate on that claim.  *Hypes v. First Commerce Corp.*, 134 F.3d 721, 725 (5th Cir. 1998). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Burfield v. Brown, Moore, & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir. 1995).  The nonmovant is required to do more than simply show there is some metaphysical doubt as to the material facts.  *Meinicke v. H&R Block of Houston*, 66 F.2d 77, 81

(5th Cir. 1995. "If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is entitled to judgment as a matter of law." *Vanderford v. Parker Hannifin Corp.*, 971 f. Supp. 1079, 1080 (N.D. Miss. 1997).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could have found for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. At 2510-11 (1986). In this case, the March 2005 trial testimony satisfies this requirement.

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese*

*v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e).  If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the motion for summary judgment must be granted."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Conclusion

The Court finds the factual bases for Royer's tortious interference and/or breach of contract claims against Bombardier are the same as those Royer unsuccessfully asserted in its defense against Bombardier's claims.  By its judgment in favor of Bombardier, the Court has adjudicated those facts against Royer.  Royer did not appeal that judgment.  With respect to Royer's claim for intentional infliction of emotional distress,[2] the Court has been presented no evidence of any of the elements of this tort with respect to Bombardier's conduct in lawfully pursuing the remedies available to it as a result of Royer's defaults.  The Court finds Royer has failed to show the existence of any genuine issue of material fact as to any of the claims set forth in its counterclaim.  It is therefore,

**ORDERED AND ADJUDGED**, that [37], the motion for summary judgment is granted, and the counterclaim is dismissed, this the 15th day of May, 2006.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Mississippi equivalent of the "tort of outrage."